UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SIMON CHIKHLADZE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:25-cv-00075-JAW |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATIONS et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Simon Chikhladze's application to proceed *in forma pauperis*, *see* Order (ECF No. 5), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

In a confusing and rambling complaint, Chikhladze alleges that he while he was in the process of seeking asylum in the United States in the 1990s, he was "forcibly sent back to" his birth country of Georgia. Complaint ¶¶ 13, 20. According to Chikhladze, he has since been "locked in former Soviet Georgia without the right to leave the country" and has faced many "grave human rights abuses, unlawful deportations," and coordinated denials of his applications for visas and asylum. *Id.* ¶¶ 13-19. Chikhladze brings claims against the Federal Bureau of Investigations (FBI), the "Government of the Kingdom of Denmark," "Danish authorities," "Georgian [a]uthorities," Georgian "Minister of Justice" Tea Tsulukiani, and the "Kordzakhia Crime Cell." *Id.* ¶¶ 14-19. He seeks "damages and injunctive relief" for violations of his "constitutional and human rights under U.S. and international law." *Id.* ¶¶ 1, 4.

1

Chikhladze's complaint is subject to dismissal for several reasons.

First, venue is improper in the District of Maine because Chikhladze is a Georgian citizen suing the FBI and several foreign entities based on allegations that have no connection to Maine. *See* 28 U.S.C. §§ 1391(b), (f), 1406(a). Second, even with a liberal reading, Chikhladze's complaint fails to offer enough cogent detail to state a viable claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And finally, Chikhladze's claims are frivolous because they are based on fantastic and delusional allegations of vast international conspiracies, coordinated criminal networks, "covert operations" against him by "foreign intelligence operatives," and ongoing abuse with a "torture generator . . . washing machine." Complaint ¶¶ 2, 9, 30-31, 36, 41; *see Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a case is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"); *Marshall v. Stengel*, No. 3:10CV-159-S, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010) ("It is clear that this Court is not the forum that can provide Plaintiff with the type of assistance [he] truly needs. Plaintiff's allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that Defendants and various other state and federal officials are engaged in an elaborate and massive criminal conspiracy to torture and torment [him].").

From a search of PACER, Chikhladze appears to have initiated at least nine other similar lawsuits in federal courts around the country, eight of which have been dismissed. Given the duplicative and frivolous nature of his filings and the negative

impact those filings have on the judiciary's limited resources, Chikhladze should be warned that further groundless filings may result in the imposition of filing restrictions limiting his ability to initiate new cases in this District. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (noting that courts may impose filing restrictions on abusive litigants after adequate notice).

Finally, given the frivolity of Chikhladze's complaint and the fact that it was filed in an obviously improper venue, the Court should certify that any appeal from its order dismissing this matter would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .").

In summary, I recommend that the Court (1) **DISMISS** Chikhladze's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), (2) **WARN** him that filing restrictions may be in the offing, (3) **CERTIFY** that any appeal from the order of dismissal would not be taken in good faith, and (4) **MOOT** his nonsensical "emergency motion for confirmation of right to leave country" (ECF No. 6).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen*

*(14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: March 7, 2025

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge

4